[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-10888

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAKEEM MOORE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:21-cr-00023-SCB-SPF-1

_____

Before Branch, Lagoa, and Brasher, Circuit Judges.

PER CURIAM:

Rakeem Moore appeals his convictions and sentence of 200 months' imprisonment for brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Moore makes two arguments on appeal. First, he argues that the district court plainly erred by accepting his guilty plea when it did not specifically inform him of the elements of the Hobbs Act robbery offenses that served as the underlying crimes of violence for his Section 924(c) convictions. Second, Moore contends that his total sentence is substantively unreasonable because the district court over-emphasized his juvenile criminal history. After careful review and addressing each argument in turn, we affirm.

First, Moore contends that the district court plainly erred during the plea colloquy by not setting forth the elements of a Hobbs Act robbery offense, which is the "crime of violence . . . in furtherance of" which Moore "brandished" a firearm in violation of Section 924(c)(1)(A)(ii)—twice. We review the district court's acceptance of a guilty plea for plain error when a defendant fails to object to a violation of Federal Rule of Criminal Procedure 11. *United States v. Moriarty*, 429 F.3d 1012, 1018 (11th Cir. 2005). Moore agrees that his failure to object to the court's acceptance of his guilty plea means that the plain error standard governs our review.

To prevail under the plain error standard, Moore must establish the district court committed (1) an error, (2) that is plain, (3) that impacts Moore's substantial rights, and (4) that "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* at 1019 (cleaned up). Moore cannot satisfy these requirements.

In evaluating whether a Rule 11 error has occurred, we look to Rule 11's three "core objectives," which are ensuring that (1) "the guilty plea is free of coercion," (2) "the defendant understands the nature of the charges against him," and (3) "the defendant is aware of the direct consequences of the guilty plea." *United States v. Monroe*, 353 F.3d 1346, 1354 (11th Cir. 2003). However, "[t]here is no rigid formula or 'mechanical rule' for determining whether the district court adequately informed the defendant of the nature of the charges." *United States v. Presendieu*, 880 F.3d 1228, 1238 (11th Cir. 2018) (quoting *United States v. Camacho*, 233 F.3d 1308, 1314 (11th Cir. 2000)). Instead, "[d]istrict courts must ensure, one way or another, that the defendant knows and understands the nature of the offenses to which he or she is pleading guilty." *Id.* A district court "plainly errs where its plea colloquy is so deficient that it results in a total or abject failure to address Rule 11's core principle, to wit that a defendant understands the nature of the charges against him." *Id.* And "in some cases, a factual proffer may set forth in such detail the facts of the crime that it effectively incorporates the substance of the elements of the offense." *Id.* We also review a district court's finding "that the defendant

understood the nature of the charges and that the defendant had entered a knowing a voluntary plea of guilty" for clear error. *Id.*

Here, the district court explained to Moore the elements that the government must prove to obtain convictions on counts three and five of the indictment against Moore, which charged violations of Section 924(c)(1)(A)(ii). The court told Moore that for the purposes of his offenses, the relevant crime of violence is 18 U.S.C. § 1951(a)—specifically, the violations of Section 1951(a) charged in counts two and four of the indictment. The court also explained that the government must prove beyond a reasonable doubt that Moore committed those underlying offenses. When asked, Moore said he understood the elements of counts three and five. After explaining the maximum and minimum penalties for those offenses, the district court confirmed with Moore that he understood "every word" of the plea agreement.

Then, the district court went over Moore's plea agreement, and Moore confirmed that he committed the two underlying robberies and brandished a firearm while doing so. Specifically, Moore admitted that it was true that he brandished a firearm at a Circle K gas station, "ordered the store clerk to 'put everything in the bag and do what I say,'" and "took the items and fled." And he admitted it was true that he "pointed a silver revolver at the victim store clerk and demanded money" at a Thorntons gas station and fled the store with the money he stole. Finally, Moore admitted he interfered with the abilities of the stores to participate in interstate commerce by robbing them. The court found that Moore was

"aware of the nature of the charges and the consequences of [his] plea."

Moore cannot establish that the district court plainly erred because the "factual proffer . . . set[s] forth in such detail the facts of the crime that it effectively incorporates the substance of the elements of the offense." *See Presendieu*, 880 F.3d at 1239. A person violates Section 1951(a) if he "obstructs, delays, or affects commerce . . . by robbery." 18 U.S.C. § 1951(a). Section 1951(b)(1) defines "robbery" as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual threatened force, or violence, or fear of injury . . . to his person or property . . . at the time of the taking." *Id.* § 1951(b)(1). Although we have never held that a district court must list or explain the elements of an underlying offense, which merely serves as an element of the offense of conviction, the factual proffer sufficiently established Moore's awareness of these elements. That is, the factual proffer indicates that Moore understood that he was pleading guilty to impacting interstate commerce by unlawfully taking money from gas stations by threatening their employees with firearms and the prospect of physical harm.

Second, Moore argues that his 200 months' imprisonment sentence, which is a 62-month downward variance from the guidelines range, is substantively unreasonable. We review the substantive reasonableness of a sentence, considering the totality of the circumstances, for an abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). "[T]he party who challenges the sentence

bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in [18 U.S.C. § 3553(a)]." *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007) (quoting *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005)). "The district court must evaluate all of the § 3553(a) factors when arriving at a sentence but is permitted to attach great weight to one factor over others." *United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009) (cleaned up). Accordingly, we must have a "definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors" to vacate a sentence on substantive reasonableness grounds. *Id.* at 1238.

The district court did not abuse its discretion when considering the Section 3553(a) factors and by sentencing Moore to a sentence that is substantially shorter than the lower end of the guidelines range. That Moore's sentence is far below the statutory-maximum term of life imprisonment, *see* 18 U.S.C. § 924(c)(1)(A)(ii), strongly suggests reasonableness. *See United States v. Gonzalez*, 550 F.3d at 1319, 1324 (11th Cir. 2008). And although Moore contends that the district court over-considered his juvenile criminal conduct, the district court could consider his background and past conduct when assessing the need to deter and protect the public from Moore. *See Amedeo*, 487 F.3d at 832; 18 U.S.C. § 3553(a)(2). Contrary to Moore's assertion, the district court varied his sentence downward because of his background and difficult upbringing. But the district court limited its downward variance based on the need for Moore to reform himself. The court considered all the Section

3553(a) factors, too. For these reasons, we cannot say that the district court committed a clear error in judgment when sentencing Moore.

Moore makes two other arguments related to his sentence that we briefly address. First, neither the government nor the court needed to provide Moore notice that the court was imposing an enhanced sentence on the ground that Moore qualified as a career offender under U.S.S.G. § 4B1.1. *See* Fed. R. Crim. P. 32(h) (requiring a district court to give "the parties reasonable notice that it is contemplating" a departure "from the applicable sentencing range on a ground not identified for departure . . . in the presentence report"). Even if we assume that an application of the career-offender enhancement must comply with the notice requirements of Rule 32(h), Moore's presentence report included the enhancement, and Moore did not object to it. Second, Moore did not have to admit, nor did a jury have to find, that he qualified for the enhancement because the career-offender enhancement did not change Moore's statutory-maximum sentence of life imprisonment. *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (holding that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury").

Accordingly, the district court is **AFFIRMED**.